PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENDAIL BANKS, | ) | |
| | ) | CASE NO. 4:20-CV-1531 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DAVID RANKIN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |
| | ) | |

*Pro se* Plaintiff Kendail Banks has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Liberty Township Police Officer David Rankin[1] and the Liberty Township Police Department. ECF No. 1. For the reasons stated below, the Complaint is dismissed.

**I. Background**

Identifying himself in the Complaint as a "non-resident (indigenous)" who "owes no allegiance to the [state] of [O]hio or its agents" (*id.* at PageID #: 3), Plaintiff alleges that Defendants violated his rights under the Fourth and Fifth Amendments when he was detained and his car searched and seized in June 2020.

Plaintiff alleges that while he was driving to the Rite Aid store in Youngstown on June 4th, he noticed that a K9 patrol car pulled out of a parking lot to follow him. Plaintiff reached his

---

[1] The Complaint alternately spells Defendant's name "David Rakin," (ECF No. 1 at PageID #: 1), "Dave Rakin" (*id.* at PageID #: 3), and "Dave Rankin" (*id.* at PageID #: 4). The Court refers to Defendant as "David Rankin" because that is the name used on the docket.

(4:20-CV-1531)

destination and left his car to go inside the Rite Aid. When he returned, Officer Rankin asked him for his driver's license, but Plaintiff told Rankin that he did "not need or use [a] Driver License" and that his travel status was private and for non-commercial use. *Id.* at PageID #: 5; *see also id.* at PageID #: 2. Officer Rankin detained Plaintiff and Plaintiff's car was searched. After Plaintiff "continued refusing to cooperate" with Rankin and other officers' requests for his identification, he was taken to the Trumbull County Jail and his car was impounded. *Id.* at PageID #: 6. The next day, the Liberty Police Department refused to release Plaintiff's personal property to him because he failed to present a valid driver's license, registration, and insurance. *Id.* at PageID #: 9.

Seeking $250,000.00 in damages and declaratory and injunctive relief, Plaintiff contends Officer Rankin violated his rights by searching and seizing his property and submitting a false police report stating that his "[p]rivate [license] plates" were "fictitious." *Id.* at PageID #: 7. Plaintiff contends the Liberty Police Department violated his rights by authorizing "police officers and contracting affiliates" not to "respect the private sector of certain individuals according to 'status' appearance" and by "failing to appropriately inform and train their 'public' servants/officers" in this regard. *Id.* at PageID #: 9.

## II. Standard of Review

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). This lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* pleadings must still meet basic pleading requirements, and

2

(4:20-CV-1531)

courts are not required to conjure allegations on behalf of *pro se* litigants. See *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

### III. Analysis

Federal courts are courts of limited jurisdiction, and federal courts have a duty to police the boundaries of their own jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Sua sponte* dismissal of a complaint, even if the filing fee has been paid, is appropriate without affording the plaintiff an opportunity to amend when the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480.

The Court finds that Plaintiff's Complaint must be dismissed pursuant to *Apple v. Glenn*. Plaintiff's claims against Defendants are premised on his contention that he is a "non-resident (indigenous)" who is not subject to Ohio's requirement that he have a valid driver's license. Contrary to Plaintiff's assertions, he is not exempt from such a requirement. Courts have consistently dismissed as frivolous similar civil rights claims by plaintiffs claiming they are exempt from state laws. *See, e.g.*, *Wolshlager v. Gast*, No. 1:19-CV-293, 2019 WL 2250752, at *1 (W.D. Mich. May 2, 2019), *R&R adopted*, 2019 WL 2250519 (W.D. Mich. May 24, 2019) (citing cases and dismissing pursuant to *Apple v. Glenn* a plaintiff's complaint alleging he was

(4:20-CV-1531)

not required to have a state driver's license on the basis he was a sovereign common law citizen having a right to travel uninfringed).

### IV. Conclusion

For the foregoing reasons, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

  February 11, 2021                          */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                             United States District Judge